HOFFMAN, RESPONDENT, v. CUADRADO ET AL., APPELLANTS.

## APPEAL from the District Court of San Juan, Section 1.

No. 913.—Decided February 10, 1913.

ACTION FOR RECOVERY OF MONEY—ACTION FOR DAMAGES.—QUAERE.—Section 194 of the Code of Civil Procedure is applicable to actions for the recovery of money arising from a contract or for damages only. *Quaere:* Can it be applicable also to actions to recover both a sum of money and damages?

JUDGMENT BY DEFAULT—SUMMONS.—In order that a plaintiff may obtain a judgment by default the provisions of the statute must be strictly complied with, and the provisions of section 89 of the Code of Civil Procedure must be followed in the summons.

ID.—DAMAGES.—The judgment by default rendered in this case for the amount of the promissory note, without including the damages claimed, is in accordance with the law.

The facts are stated in the opinion.

*Messrs. Juan M. Cuadrado* and *Eugenio Benítez Castaño* for appellants.

*Mr. Jacinto Texidor* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This action was brought for the recovery of money due on a promissiory note and damages for the detention thereof. Judgment was rendered in the district court by default and annotation duly made by the secretary under the provisions of section 194, clause 1, of the Code of Civil Procedure.

The complaint was filed against Juan Manuel Cuadrado, Antonio Lorenza and Ventura Lamas, requesting the court, in the prayer of said complaint, that they should be required to pay the defendant, jointly and severally, the sum of five hundred and sixteen dollars and forty cents ($516.40), as principal and interest, and two hundred dollars ($200) for damages and costs. Although the defendant Cuadrado was summoned on May 2, 1912, no answer was made by him to said complaint and, upon being requested by plaintiff's counsel, the secretary entered on September 26 of the year 1912, the judgment which is the object of this appeal.

The case is clearly presented in the briefs of counsel and the question involved is in effect whether or not the judgment by default was properly entered covering as it does only the amount of the promissory note, including principal and interest, and excluding the damages claimed in addition thereto.

It is shown by the appellant, on this appeal, that prayer was made in the complaint that a judgment should be rendered against the defendants requiring them to make payment to the plaintiffs of five hundred and sixteen dollars and forty cents ($516.40), as principal and interest, and two hundred dollars ($200) for damages. But the secretary understood the law to mean that he should enter a judgment for the amount of the principal and interest only, which he did accordingly. In accordance with section 194 of the Code of Civil Procedure it was held that judgment may be recovered by the plaintiff when the matter in question is the payment of a sum of money arising from a contract or for damages only; but if the matter involved is an action to recover both a sum of money alleged to be due and damages in addition thereto, said action is not included in section 194 of the said code.

The respondent on the contrary maintains that the judgment might properly have been entered for the whole amount claimed in the complaint, including the damages, and that at least judgment having been given only for the sum specified in the written contract, the error, if any there was, being favorable to the appellant cannot be complained of here, or cause a reversal of the judgment of the court below.

It is said by the appellant that our statute, section 194, is identical with the corresponding statutes of Idaho and California; but no decisions from the courts of those States are cited to uphold the argument presented here. This section has been interpreted by us in connection with section 89 of the same code, in a case decided on June 25, 1909; *Zapater v. Irizarry,* 15 P. R. R., 526. It is there said that in order for a plaintiff to be entitled to a judgment by default, a strict

compliance with the statute is necessary, the summons being required to conform to the provisions of section 89 of the Code of Civil Procedure. The summons in this case, appearing in the record, meets these requirements.

It is unnecessary for us, in this case, to say what the trial court, or the secretary thereof, might legally have done under the statute referred to above;' and it is sufficient to rule upon the correctness of the judgment entered on the 26th of September last. That judgment by default was certainly entered according to law and is not liable to successful attack for the reasons advanced by the appellant, nor for any others apparent upon the face of the record.

Then, no reason appearing for a reversal of the said judgment, the same should be in all its 'parts affirmed.

*Affirmed.*

.Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.